IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEAN BEER,**  *Plaintiff*,  v.  **MONTGOMERY COUNTY, et al.,**  *Defendants.* | **Case No. 2:20-cv-1486-JDW** |

## ORDER

**AND NOW**, this 30th day of September, 2020, upon consideration of Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) and 12(b)(1) (ECF No. 9), the Court notes as follows.

1. A district court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rather than require detailed pleadings, the "Rules demand only a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. In determining whether a claim is plausible, the court must "draw on its judicial experience and common sense." *Id*. First, the court must identify the elements needed to set forth a particular claim. *Id*. at 787. Second, the court should identify conclusory allegations, such as legal conclusions, that are not entitled to the presumption of truth. *Id*. Third, with respect to well-pleaded factual allegations, the court should accept those allegations as true and "determine whether they plausibly give rise to an entitlement to relief." *Id*. The court must "construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Id*. at 790.

**First Amendment Retaliation**

2. To state a claim for retaliation in violation of the First Amendment, a plaintiff must plead facts sufficient to conclude that his "speech is protected by the First Amendment and that the speech was a substantial or motivating factor in what is alleged to be the employer's retaliatory action." *Flora v. Cty. of Luzerne*, 776 F.3d 169, 174 (3d Cir. 2015); *see Munroe v. Cent. Bucks Sch. Dist.*, 805 F.3d 454, 466 (3d Cir. 2015). "If the employee establishes both of those predicates, the burden shifts to the employer to show that it would have taken the same action even if the speech had not occurred." *Flora*, 776 F.3d at 174.

3. As a threshold matter, Dean Beer has standing to pursue his claims. To show standing, a plaintiff must show that he has suffered an injury in fact that is fairly traceable to the challenged conduct of the defendant and that is likely to be redressed by a favorable judicial decision. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Mr. Beer alleges that he was injured when Montgomery County fired him from his role as Chief Public Defender for filing an amicus brief. He seeks redress for that dismissal. Defendants' argument that Mr. Beer lacks standing because the speech was not his does not align with any of these elements of standing. Also, Defendants' argument is wrong because Mr. Beer alleges that he authored the brief and the County has claimed he did so without authority. His allegations therefore establish that the speech is his.

4. A public employee's statement is protected by the First Amendment when "(1) in making it, the employee spoke as a citizen, (2) the statement involved a matter of public concern, and (3) the government employer did not have 'an adequate justification for treating the employee differently from any other member of the general public' as a result of the statement he made." *Hill v. Borough of Kutztown*, 455 F.3d 225, 241-42 (3d Cir. 2006) (quoting *Garcetti v. Ceballos*,

547 U.S. 410, 418 (2006)). "The critical question under *Garcetti* is whether the speech at issue is itself ordinarily within the scope of an employee's duties, not whether it merely concerns those duties." *Lane v. Franks*, 573 U.S. 228, 240 (2014). "[T]he responsibility of a district court in evaluating whether a public employee's speech was made as a private citizen is to ask whether the speech at issue was 'outside the scope of his ordinary job responsibilities.'" *Flora*, 776 F.3d at 179 (quoting *Lane*, 573 U.S. at 238-39).

5. Whether Mr. Beer's speech was made within the ordinary course of his job responsibilities is a mixed question of fact and law. *See id.* at 175. Mr. Beer argues he was not representing any client and that he went outside Montgomery County's chain of command when he when he filed the amicus brief. In his complaint, he identifies statements that Defendants made that support his description of his job duties, including statements that they made in response to the filing of the amicus brief. Taking these well-pleaded allegations as true and construing them in a light most favorable to Mr. Beer, it is plausible that the drafting and filing of this amicus brief was outside of Mr. Beer's ordinary job responsibilities and therefore constitutes citizen speech.

**Whistleblower Law**

6. The Pennsylvania Whistleblower Law provides that "no employer may discharge, threaten, or otherwise discriminate or retaliate against an employee . . . [who] makes a good faith report . . . to the employer or appropriate authority [of] an instance of wrongdoing or waste by a public body or an instance of waste by any other employer as defined in this act." 43 Pa.C.S.A. § 1423(a). This claim hinges on whether the amicus brief reported a "wrongdoing" and whether the amicus brief was given to an "appropriate authority." The claim fails to satisfy either element.

7. The Whistleblower Law defines "wrongdoing" as "a violation which is not of a merely technical or minimal nature of a Federal or State statute or regulation, of a political

3

subdivision ordinance or regulation . . . designed to protect the interest of the public or the employer." *Id.* § 1422. When an employer is the reported wrongdoer, the definition of wrongdoing includes "violations of any federal or state statute or regulation, other than violations that are 'of a merely technical or minimal nature.'" *Golaschevsky v. Pa. Dept. of Envtl. Prot.*, 720 A.2d 757, 759 & n.2 (Pa. 1998); *see also Javitz v. Luzerne Cty.*, 2017 WL 1217178, at *10 (M.D. Pa. Mar. 31, 2017). But where the wrongdoer was a third party, the law or regulation violated must either be (a) of the type that the employer is charged to enforce for the public good or (b) one dealing with the internal administration of the employer. *See, e.g.*, *Gray v. Hafer*, 651 A.2d 221 (Pa. Commw. Ct. 1994);); *Rohner v. Atkinson*, 118 A.3d 486, 491 (Pa. Commw. Ct. 2015).

8. The amicus brief that Mr. Beer filed alleges violations of the Pennsylvania Rules of Criminal Procedure regarding bail setting practices as well as related constitutional violations of individual liberties. According to the amicus brief, magistrate judges enforce those procedures. The County does not enforce those procedures, nor does it have authority over magistrate judges. That means that the wrongdoers were third parties, not the County. The County is not charged with upholding and overseeing bail practices and the enforcement of Pennsylvania criminal procedure and related constitutional liberty interests. The alleged wrongdoing also does not relate to the internal administration of the County. The Whistleblower Law does not apply

9. Mr. Beer's arguments that the County has an interest in bail procedures, has worked in the past to support judges to develop pilot programs related to bail procedures, and has discussed bail procedures with Mr. Beer does not create a reasonable inference that the law charges the County with enforcing these laws. Nor does the fact that Mr. Beer has asserted a casual nexus between the amicus brief and his firing relieve him of his burden of showing that the amicus brief

4

alleged wrongdoing within the definition of the Whistleblower Law. Therefore, Mr. Beer has failed to satisfy the "wrongdoing" element of the Whistleblower Law.

10. In addition, the Pennsylvania Supreme Court is not an "Appropriate Authority" within the meaning of the Whistleblower Law. It is not an agency or organization with "jurisdiction over criminal law enforcement," nor is it an entity that has the "power and duty to investigate criminal law enforcement." 43 Pa. C.S.A. § 1422. While the Supreme Court does have jurisdiction over professional conduct or ethics, those subjects are not the subject of the amicus brief.

11. Mr. Beer's other theories for violation of the Whistleblower Law fail. His submission of a courtesy copy of the amicus brief, hours before it was filed, to the County's COO was not a submission to an appropriate authority because it was not a report of wrongdoing. It was an alert about an upcoming filing. Finally, Mr. Beer's does not allege in his Complaint that he verbally reported wrongdoing by President Judge Del Ricci the County's COO Lee Soltysiak. He introduces that theory in his opposition. The Court will not permit him to amend the complaint via his opposition brief. *See Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).

**Wrongful Discharge**

12. Although employment in Pennsylvania is generally at will, there is a public-policy exception to at-will dismissals that violate constitutional mandates, statutory requirements, governmental regulations, clear dictates of public policy, or judicial rulings interpreting these governing sources of law. *See Hunger v. Grand Cent. Sanitation*, 670 A.2d 173, 175 (Pa. Super. Ct. 1996); *see also Mamlin v. Genoe*, 17 A.2d 407, 409 (Pa. 1941).

5

13. Equal access to justice and proper functioning of the courts are vital constitutional matters and matters of public policy. So is OPD's independence from political interference and retaliation. A dismissal that treads too much on these interests could be actionable despite the rule of at-will employment.

14. Pennsylvania's Political Subdivision Tort Claims Act, 42 Pa. C.S.A. § 8541 *et seq.* ("PSTCA"), generally exempts local agencies from damages for injuries that it or its employees cause. *See* 42 Pa. C.S.A. § 8541. The PSTCA's language limits immunity to damages claims, which courts have interpreted to include injunctive relief that requires the government entity to take affirmative actions or expend funds equal to damages. *E.g. Swift v. Dep't of Transp.*, 937 A.2d 1162, 1168-69 & n.7 (Pa. Commw. Ct. 2007).

15. None of the relief that Mr. Beer seeks is in the nature of damages. He asks to be restored to his job as Chief Public Defender. The County would then have to pay him. But it will have to pay someone to perform that job, whether it is Mr. Beer or someone else. So an order restoring Mr. Beer to his position will not result in a new expenditure of funds by the County.

16. The story is different with respect to the claims against the individual defendants. The Pennsylvania Supreme Court has held "that high public officials are immune from suits seeking damages for actions taken or statements made in the course of their official duties. This common law doctrine of tort immunity existed before enactment of the [PSTCA], and was not abrogated by it." *Durham v. McElynn*, 772 A.2d 68, 69 (Pa. 2001) (*quoting Lindner v. Mollan*, 677 A.2d 1194, 1196 (Pa. 1996)). Whether a public official qualifies as a "high public official" is determined by the court on a case by case basis. *Lindner*, 677 A.2d at 1198.

17. The Third Circuit has affirmed that county commissioners are "high public officials" entitled to immunity. *See LaVerdure v. Montgomery Cty.*, 324 F.3d 123, 126 (3d Cir.

2003).  Thus, the three Montgomery County Commissioners-- Defendants Dr. Arkoosh, Mr. Lawrence, and Mr. Gale—are high public officials immune from suit.

18. As the County's COO, Mr. Soltysiak manages all of the County's day-to-day affairs, answering to the Commissioners.  His role is analogous to a school superintendent, who answers to an elected school board. Courts have held that school superintendents, among other officials, are high public officials entitled to immunity.  *See, e.g. Zugarek v. S. Tioga Sch. Dist.*, 112 F. Supp. 2d 468 (E.D. Pa. 2002); *Malia v. Monchak*, 543 A.2d 184, 187 (Pa. Commw. Ct. 1988).  Mr. Soltysiak is also a high public official entitled to immunity.

In light of the foregoing, it is **ORDERED** that Defendants' Motion to Dismiss (ECF No. 9) is **GRANTED IN PART** and **DENIED IN PART**.  Count II of the Complaint is **DISMISSED**. In addition, Counts I and III are dismissed against Dr. Arkoosh, Mr. Lawrence, Mr. Gale, and Mr. Soltysiak to the extent those claims are asserted against them in their individual capacities. The Motion is otherwise **DENIED**.

It is **FURTHER ORDERED** that, on or before October 7, 2020, each Party shall explain, in a Memorandum not to exceed 10 pages, its position on whether the Court should consolidate this case with *Hudson v. Montgomery County*, Case No. 2:20-cv-1487-JDW.

                                                     **BY THE COURT:**

                                                  */s/ Joshua D. Wolson*
                                                  JOSHUA D. WOLSON, J.