IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEAN BEER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MONTGOMERY COUNTY | : | NO. 20-1486 |

| | | |
|---|---|---|
| KEISHA HUDSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MONTGOMERY COUNTY | : | NO. 20-1487 |

## JOINT RULE 26(f) REPORT

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on October 13, 2020 and submit the following report of their meeting for the court's consideration.

**I. Counsel**

A. Lead counsel for Plaintiff Dean Beer: Ronald L. Greenblatt

B. Lead counsel for Plaintiff Keisha Hudson: Charles L. Gerstein

C. Lead counsel for Defendant Montgomery County: Raymond McGarry

D. Counsel who participated in Rule 26(f) conference on behalf of Plaintiff(s):

   Ronald L. Greenblatt, Patricia V. Pierce, and Noah S. Cohen for Plaintiff Beer, and Charles L. Gerstein, David Rudovsky, and Bina Ahmad for Plaintiff Hudson

E. Counsel who participated in Rule 26(f) conference on behalf of Defendant(s):

Raymond McGarry, Jami B. Nimeroff, and Mary Kay Brown for Defendant Montgomery County.

## II. Description of Claims and Defenses

### a. Plaintiffs' Claims

Defendant Montgomery County terminated Plaintiff Beer from his position as Montgomery County's Chief Public Defender on February 26, 2020, in retaliation for filing an amicus brief detailing Montgomery County's unlawful bail practices in violation of his rights under the First Amendment approximately three weeks earlier. Mr. Beer had an exemplary performance record throughout his employment with Montgomery County, first as Deputy Chief Public Defender for two years followed by more than four years as Chief Public Defender.

Lee A. Soltysiak, Montgomery County's Chief Operating Officer, stated in a letter to Mr. Beer on February 20, 2020, that the filing of the brief was outside the scope of his employment. Mr. Soltysiak is correct. Mr. Beer was not acting within his "ordinary job duties" when he filed the brief, entitling him to protection under the First Amendment. Defendant's termination of Plaintiff Beer was also in violation of Pennsylvania's exception to at-will dismissal given the importance of ensuring the independence of Montgomery County's Public Defender's office, and those across the Commonwealth.

Defendant also terminated Deputy Defender Keisha Hudson after four years of employment for exposing Montgomery County's unjust and unconstitutional bail system, although unlike Plaintiff Beer, never provided Plaintiff Hudson with a reason for the termination. Defendant fired Hudson because of her constitutionally protected speech. Neither Beer nor Hudson had ever been subject to any formal discipline prior to their abrupt firings.

Plaintiff Beer has suffered and will continue to suffer damages in the form of wage loss, emotional distress, and reputational harm. Further, Plaintiffs will seek punitive damages in this matter. Plaintiff Hudson has suffered lost wages, emotional distress, and reputational harm.

b. **Defendants' Defenses**

Defendants had legitimate reasons for all employment decisions made regarding plaintiffs. Plaintiffs were not terminated because of any position taken or argument made in the Amicus Brief filed by the Office of the Public Defender as alleged in the Complaint, or otherwise with respect to conduct taken by them on issues of bail reform. The bail practices complained of by plaintiffs are not the bail practices of defendants. Bail is a practice under the exclusive control of the courts, which are not under the supervision or control of defendants. Even though the Commissioners have no say in bail reform which is an issue under the purview of the courts, the Commissioners have always been in favor of bail reform as a policy matter and have budgeted funds in the county budget for it.

**First Amendment Retaliation**

Plaintiffs cannot prevail on a claim for First Amendment retaliation because, among other reasons: (1) the Amicus Brief did not constitute speech on the part of either plaintiff, (2) to the extent the Amicus Brief was the speech of either plaintiff, such speech was made in the course of plaintiff's ordinary professional duties and thus not citizen speech protected by the First Amendment to the United States Constitution, and (3) to the extent the Amicus Brief was the speech of either plaintiff, such speech was made using the specialized knowledge plaintiff obtained as Chief Public Defender or Deputy Chief Public Defender and thus not citizen speech protected by the First Amendment to the United States Constitution.

### *Not Plaintiffs' Speech*

In this case, the Amicus Brief at issue was not filed by or on behalf of either plaintiff; but rather, on behalf of the Office of the Public Defender by Lee Awbrey, Chief of Appeals, Office of the Public Defender. Thus, the Amicus Brief cannot represent either plaintiff's speech.

### *Not Citizen Speech*

According to plaintiffs, the Office of the Public Defender filed the Amicus Brief because the issue of bail reform directly involved the representation of its clients. Moreover, the filing of amicus briefs was within the ordinary course of conduct for the Office of Public Defender. In the 12 months prior to the filing of the Amicus Brief relevant to this matter, the OPD participated as an amicus in two other cases. This makes it clear that the filing of amicus briefs is not outside the scope of the Office of the Public Defender's course of conduct in advancing the interests of its indigent clients. As such, the filing of an Amicus Brief by the Office of the Public Defender cannot be considered "citizen speech" of either plaintiff.

In addition, the Amicus Brief was clearly written based upon the specialized knowledge and experience of the Office of the Public Defender, gained during the representation of indigent defendants. As alleged by plaintiffs, the Office of the Public Defender used specific examples of cases handled by Office of the Public Defender attorneys to support the arguments in the Amicus Brief. The Office of the Public Defender's knowledge of these specific examples, and their experience with the cash bail system in the Montgomery County courts, could only have been acquired as a result of the specialized knowledge and experience gained during the course and scope of employment at the Office of the Public Defender. The Amicus Brief cannot be considered "citizen speech," and is not protected by the First Amendment.

**Wrongful Discharge**

Plaintiff's claims for wrongful discharge do not set forth a valid claim for relief as they do not set forth a clearly defined public policy. Moreover, defendants had legitimate reasons for all employment decisions made regarding plaintiffs. Plaintiffs were not terminated because of any actions taken with respect to the Amicus Brief filed by the Office of the Public Defender as alleged in the Complaint, or otherwise with respect to conduct taken by them on issues of bail reform. Thus, plaintiffs cannot prevail on a claim for wrongful discharge.

Lastly, Plaintiff's claims for wrongful discharge are barred by the Pennsylvania Political Subdivision Tort Claims Act. It is well-settled that a wrongful discharge claim does not fall within any of the exceptions to immunity laid out in PSTCA § 8542.

**Injunctive Relief/ Reinstatement**

Plaintiffs are not entitled to reinstatement as a remedy. They were at-will employees and as a matter of law not entitled to reinstatement with an employment contract. Moreover, Plaintiffs cannot prove any entitlement to affirmative injunctive relief of reinstatement since they cannot prove irreparable harm or that money damages are not available as a remedy for their claims.

III. **Anticipated Scope of Discovery**

    A. Summarize with specificity those issues on which the Parties will need to conduct discovery. Identify categories of information each Party needs in discovery and why.: Defendants will conduct discovery regarding conduct of plaintiffs leading up to the termination of employment. Defendants also will conduct discovery regarding plaintiffs' involvement in the preparation of the Amicus Brief, as well as others, and their interactions with third parties such as the media regarding the same. Plaintiff Hudson will seek to explore the factual circumstances surrounding her firing including

who made the decision to fire her, who influenced that decision, and why that decision was ultimately made. Plaintiff Hudson will also seek to explore the scope of the Chief and Deputy Chief Public Defender's ordinary job duties, although she believes this question to be primarily a question of law not fact. Plaintiff Beer will conduct discovery regarding both his and Plaintiff Hudson's job performance, job duties, the decision to terminate their employment, and his monetary harm.

B. Anticipated number of interrogatories per Party: 25

C. Anticipated number of depositions per Party: 10

D. Plaintiffs anticipate deposing Judge Thomas DelRicci who may have information regarding liability. At this time, Defendants anticipate seeking some limited third party discovery from parties such as Community Legal Services and Philly Voice.

E. Plaintiff Beer anticipates an expert regarding damages. Plaintiff Hudson may retain an expert regarding damages. Defendants do not anticipate the need for an expert but reserve the right to use expert testimony to counter any plaintiff expert witness.

IV. **Status of Discovery**

Plaintiffs have produced initial disclosures pursuant to Fed. R. Civ. P. 26 and served Requests for Production of Documents and Interrogatories upon Defendant. Defendants have served their Initial Disclosures as required by Fed. R. Civ. P. 26(a) and will serve their First Set of Interrogatories and First Requests for Production of Documents prior to the Rule 16 conference.

V. **Proposed Case Management Deadlines**

When completing this section, the Parties should presume that the Court will <u>not</u> bifurcate fact and expert discovery. Therefore, the Parties should propose dates that take that presumption into account.

A. Deadline to serve initial disclosures under Rule 26(a)(1) (*must be exchanged at least one (1) business day before Rule 16 conference): November 16, 2020

B. Deadline to amend pleadings to add claims or Parties (*must be as early as practicable to avoid prejudice or unnecessary delays): January 17, 2021

C. Deadline for affirmative expert reports (if any) and disclosure of lay witness opinion testimony with related information and documents (if any): April 17, 2021

D. Deadline for rebuttal expert reports (if any): May 17, 2021

E. Deadline to complete discovery: May 17, 2021

F. Defendants request six months of discovery due to the impact of COVID-19 and the increased workload on County employees from the election for the next two months.

G. Deadline to file motion for summary judgment: July 17, 2021

## VI. Deposition Scheduling

The Court expects the Parties to meet and confer as soon as practicable to set aside dates to hold open for depositions before the close of discovery. If the Parties have not already done so, the Court will order the Parties to do so within two weeks of the Rule 16 conference.

Have the Parties set aside dates for deposition? ___ Yes _x_ No

If yes, what are those dates? _____

If no, when do the parties intend to confer, and how many dates do they intend to set aside? Immediately after the settlement conference on December 10, 2020.

## VII. Electronic Discovery

The Parties do not anticipate any extraordinary issues regarding electronically stored information.

**VIII.   Protective Orders and Confidentiality Agreements**

The Parties anticipate signing a protective order prior to the production of discovery responses.

**IX.   Alternative Dispute Resolution**

The parties are set for a settlement conference with Magistrate Elizabeth T. Hey on December 10, 2020.

**X.   Policies and Procedures**

Judge Wolson's Policies and Procedures are available for the Parties to review on the Court's website. By signing below, counsel for each Party and/or each *pro se* Party represents that he or she has reviewed the Judge's Policies and Procedures and acknowledges the requirements contained therein. The Parties and their counsel further acknowledge by signing below that Judge Wolson will strike pleadings and other submissions that do not comply with his Policies and Procedures.

**XI.   Other Matters**

One potential issue the Parties have identified is whether Plaintiff Beer and Plaintiff Hudson's cases would be tried together.


Respectfully Submitted,

*/s/ Ronald L. Greenblatt*
Ronald L. Greenblatt
Patricia V. Pierce
Noah S. Cohen
GREENBLATT PIERCE
FUNT AND FLORES, LLC
*Attorneys for Plaintiff Dean Beer*

*/s/ Charles Gerstein*
Charles Gerstein
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
charlie@civilrightscorps.org
202-894-6128
*Attorneys for Plaintiff Keisha Hudson*

*/s/ Raymond McGarry*
Mary Kay Brown, Esquire
Raymond McGarry, Esquire
Jami B. Nimeroff, Esquire
**Brown McGarry Nimeroff LLC**
2 Penn Center, Suite 610
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
T: (267) 861-5330

*Attorneys for Defendants Montgomery County, Commissioner Dr. Valerie Arkoosh, Commissioner Kenneth Lawrence, Commissioner Joseph Gale, and Chief Operating Officer, Lee Soltysiak*

Dated: November 10, 2020